IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Burton Hagwood, #03671-087,       ) | |
| ) | Civil Action No. 8:04-1871-CMC-BHH |
| Plaintiff,     ) | |
| ) | **ORDER AND** |
| vs.     ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Department of Justice, et al.,     ) | |
| ) | |
| Defendants.     ) | |
| ) | |

The plaintiff, a federal prisoner proceeding *pro se*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights). This matter is before the court on several motions filed by the plaintiff.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The plaintiff is currently housed at the Gilmer Federal Correctional Institution at Glenville, West Virginia ("FCI Gilmer"). The plaintiff originally brought this action in United States District Court for the District of Columbia. By order of that court dated April 13, 2004, the action was transferred to the District Court for the District of South Carolina. The plaintiff at that time was housed in FCI Edgefield in South Carolina. In his complaint, the plaintiff alleges various civil rights violations.

*Motions to Compel*

On September 16, 2004, the plaintiff move to compel defendant Bureau of Prisons to produce to him the personnel files of defendants S.A. Yates and J.V. Smith. Shortly thereafter, the defendants made a motion for a more definite statement, which this court granted on October 28, 2004. The plaintiff was directed to file his amended complaint within 20 days, and the amended complaint was to replace all previous complaints. On November 22, 2004, the plaintiff filed another motion to compel discovery, again seeking the personnel files of S.A. Yates and J.V. Smith.

On December 28, 2004, the defendants moved to stay discovery until all parties were served, noting that the plaintiff had not yet served his amended complaint on all the defendants and had already requested certain personnel files from the plaintiff. On March 16, 2005, the defendants filed another motion to stay discovery, arguing as follows: "Based on the amended complaint and a review of the records in this case, it is anticipated that all defendants will assert qualified immunity as a defense to this litigation. Therefore, discovery should not be had until a responsive pleading is filed" (def. m. to stay 2). The motions to stay were granted by this court on March 30, 2005. Based upon the foregoing, discovery in this case is stayed, and the plaintiff's motions to compel are denied.

*Motion to Disqualify Counsel*

On January 20, 2005, the plaintiff moved to disqualify the United Sates Department of Justice from providing representation to the defendants, arguing that there is a potential conflict of interest in counsel's representation of the individual defendants and the Bureau of Prisons. Even assuming that the plaintiff has standing to make such a motion, the motion is without merit and is denied.

2

### *Motion for Appointment of Counsel*

On April 28, 2005, the plaintiff requested that the court appoint counsel to represent him in this action. The Congress does not appropriate funds to pay attorneys who represent litigants in civil rights cases. 53 Comp. Gen. 638 (1974). Although this economic fact is not conclusively determinative of the issue, it is a practical consideration which cannot be ignored. Moreover, it has been authoritatively stated in this context that a person who has a legitimate civil rights claim for damages "will likely find private counsel available on a contingent fee basis." *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978), *cert. denied*, 442 U.S. 911 (1979). In most civil rights cases, the issues are not complex, and whenever such a case is brought by a *pro se* litigant, this court outlines proper procedure so the *pro se* litigant will not be deprived of a fair opportunity to present his or her case. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

In some instances, of course, a failure to make a discretionary appointment of counsel may represent an abuse of discretion, but this is not the type of case which presents factors that clearly reflect a need for the plaintiff to have counsel appointed. Therefore, the plaintiff's motion for appointment of counsel is denied.

### *Motion for Summary Judgment*

On October 25, 2004, the plaintiff filed a letter to the court that he asked the court to "review as notice of change of address and motion for summary judgment" (pl. m.s.j. 1). It does not appear that this letter, which the court will consider as a motion for summary judgment, was ever served on defense counsel as the plaintiff did not include a certificate of service. In the motion, the plaintiff sets forth complaints regarding his transfer to FCI Gilmer. Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. In his motion, the plaintiff simply makes conclusory allegations,. He has not demonstrated that there is no genuine issue as to any material fact, nor has he shown that he is entitled to summary judgment as a matter of law. Accordingly, the plaintiff's motion for summary judgment should be denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the plaintiff's motion for summary judgment be denied. Further, it is ordered that the plaintiff's motions to compel, to disqualify counsel, and for appointment of counsel are denied.

s/Bruce H. Hendricks
United States Magistrate Judge

May 26, 2005

Greenville, South Carolina