IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Burton Hagwood, #03671-087, ) | |
| ) | Civil Action No. 8:04-1871-CMC-BHH |
| Plaintiff, ) | |
| ) | **ORDER AND** |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Department of Justice, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

    The plaintiff, a federal prisoner proceeding *pro se*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights). This matter is before the court on several motions filed by the plaintiff.

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

    The plaintiff is currently housed at the Gilmer Federal Correctional Institution at Glenville, West Virginia ("FCI Gilmer"). The plaintiff originally brought this action in United States District Court for the District of Columbia. By order of that court dated April 13, 2004, the action was transferred to the District of South Carolina. The plaintiff at that time was housed in FCI Edgefield in South Carolina.

    Following his original complaint, filed March 12, 2003, the plaintiff filed five amended complaints alleging various causes of action against different defendants. Because of the confusion regarding which claims were at issue, what the facts were of

those claims, and which defendants were still parties to the case, on October 28, 2004, this court granted the defendants' motion for more definite statement and ordered that the plaintiff file an amended complaint within 20 days of the date of that order. This court directed the plaintiff to include *all* claims he wished to assert against *all* the defendants he desired to sue. The court ordered that the amended complaint would replace all previous complaints and would be the complaint to which the defendants would file a response after service of process.

On November 22, 2004, and on December 1, 2004, the plaintiff filed documents which, under the liberal construction afforded *pro se* documents, the court construed to be the plaintiff's amended complaint. In his amended complaint, the plaintiff alleged various civil rights violations that occurred at FCI Edgefield in South Carolina. The court directed the defendants to file an answer within 60 days of service.

On May 6, 2005, the plaintiff filed a "supplemental complaint"[1] in which he named three additional defendants who are employed at FCI Gilmer and alleged claims occurring since the plaintiff's transfer to West Virginia. The defendants have not consented to the plaintiff's filing of a supplemental complaint. They argue in their objection to the supplemental complaint that as the actions alleged by the plaintiff all occurred in West Virginia and are against defendants who are not subject to this court's personal jurisdiction, the plaintiff's supplemental complaint should be denied. This court agrees that the plaintiff's motion should be denied. If the plaintiff wishes to complain regarding his treatment in West Virginia, he should file a separate complaint in a new action. Accordingly, the plaintiff's request to file a supplemental complaint is denied.

As set forth above, the documents that have been construed by this court to form the plaintiff's amended complaint were filed on November 22 and December 1, 2004,

---

[1]This court will construe the plaintiff's filing to include a motion to file a supplemental complaint as required under Federal Rule of Civil Procedure 15(d).

2

and on January 26, 2005, this court ordered that summonses be issued as to the new defendants named in the amended complaint. It appears that not all of the defendants have been served with the amended complaint. Defense counsel is directed to file, no later than June 27, 2005, an answer to the amended complaint on behalf of those defendants who have been served.

As to defendant B. Henderson, who was named as a new defendant in the amended complaint (the documents filed on November 22 and December 1, 2004), more than 120 days have passed since summonses were issued by the Clerk of Court. Accordingly, it is recommended that this action be dismissed without prejudice with regard to Henderson, pursuant to Federal Rule of Civil Procedure 4(l), (m).

Wherefore, based on the foregoing,

IT IS ORDERED that the plaintiff's motion to file a supplemental complaint is denied.

IT IS FURTHER ORDERED that the defendants who have been served with the amended complaint shall file their answer no later than June 27, 2005.

IT IS RECOMMENDED that B. Henderson be dismissed from this action without prejudice for lack of service.

s/Bruce H. Hendricks
United States Magistrate Judge

June 3, 2005

Greenville, South Carolina