IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Burton Hagwood, ) | C/A No. 8:04-1871-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | |
| ) | |
| US Department of Justice; Federal Bureau of ) | |
| Prisons; S.A. Yates; Warden, FCI Allenwood, ) | |
| M.E. Ray, Regional Director Northeast Region ) | |
| Bureau of Prisons; J. Gibson, Administrator of the ) | |
| Detention Center Unit at USP Atlanta; Warden JV ) | |
| Smith, Warden at FCI Edgefield; L. Guevara, ) | |
| Assistant Administrator Health Services, FCI ) | |
| Edgefield; Dr. Serrano, Dr., FCI Edgefield; ) | |
| L. Rosario, Administrator of Health Services, ) | |
| FCI Edgefield; Warden J. Lamanna; and E. Slater, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint raising a variety of allegations related to the conditions of his confinement under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is a federal inmate currently housed at FCI – Gilmore in Glenville, West Virginia. Plaintiff seeks monetary, declaratory, and injunctive relief for these alleged violations of his constitutional rights.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation. On August 14, 2006, the Magistrate Judge issued a Report recommending that the complaint be dismissed as to the United States Department of Justice and the Federal Bureau of Prisons and the individual defendants in their official capacities.

The Report also recommends that the complaint be dismissed as to the individual defendants acting in their individual capacities because Plaintiff has failed to exhaust his administrative remedies. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on September 1, 2006. Defendants filed a Reply to Plaintiff's Objections on September 8, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the Objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Plaintiff's claims against the United States Department of Justice and the Federal Bureau of Prisons, as well as the individual defendants in their official capacities are barred by the doctrine of sovereign immunity.[1] As to Plaintiff's claims against

---

[1] Plaintiff contends in his objections that he never had "any intention to file this complaint against the entire Justice [D]epartment . . . ." Obj. at 3 (Dkt. #77, filed Sept. 1, 2006). However, a review of the original complaint filed in the United States District Court for the District of Columbia indicates that Plaintiff captioned his complaint as "Burton Hagwood against Department of Justice Bureau of Prisons Director of Bureau of Prisons." Orig. Complaint at 1 (filed Mar. 12,

individual Defendants Yates, Ray, and Gibson, this court lacks personal jurisdiction over these defendants.

Plaintiff contends that he has, contrary to the Report of the Magistrate Judge, exhausted his administrative remedies. A a careful review of the file indicates that Plaintiff has submitted exhibits throughout this case which indicate he has submitted numerous "Inmate Request to Staff Member" forms regarding his grievances. However, Plaintiff has not provided this court with any evidence of his "proper exhaustion" of his available administrative remedies. *Woodford v. Ngo*, 548 U.S. ___, 126 S. Ct. 2378, 2383 (June 22, 2006). This failure to exhaust his administrative remedies bars this action. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").[2]

IT IS THEREFORE ORDERED that Defendants' motion to dismiss be **granted** and this matter dismissed with prejudice as to Defendants United States Department of Justice, the Bureau of Prisons, and the individual defendants in their official capacity.

This matter is dismissed for lack of personal jurisdiction over Defendants Yates, Ray, and Gibson. This dismissal is without prejudice.

This matter is dismissed without prejudice as to the remaining Defendants for failure to exhaust administrative remedies.

---

2003; filed in this court upon transfer June 14, 2004 (Dkt. #1)).

[2]Plaintiff contends that he has submitted evidence of this exhaustion and that it was either overlooked or misplaced by court personnel. Evidence exists in the file of Plaintiff's Administrative Appeals to the regional level (Appeal Nos. 297297 and 308921), but Plaintiff has provided no evidence that he appealed these decisions to the next (national) level.

3

**IT IS SO ORDERED**.

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 15, 2006